**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| HEALTHCARE FACILITY MANAGEMENT LLC, dba COMMUNICARE FAMILY OF COMPANIES, <br><br>     *Plaintiff,*<br><br>v.<br><br>JEDKREISKY MALABANAN,<br><br>     *Defendant.* | **MEMORANDUM OF LAW**<br><br>Case No. 1:23-cv-236 (MRB-SKB) |
| JEDKREISKY MALABANAN,<br><br>     *Counterclaim Plaintiff,*<br><br>v.<br><br>HEALTHCARE FACILITY MANAGEMENT LLC, dba COMMUNICARE FAMILY OF COMPANIES,<br><br>     *Counterclaim Defendant.* | |

  Jedkreisky Malabanan, Defendant and Counterclaim Plaintiff in the above-referenced case, by and through his counsel, submits this Memorandum of Law in support of his motion to consolidate this action with the action *Ariane Rose Villarin v. HealthCare Facility Management, LLC, doing business as CommuniCare Family of Companies,* 23-CV-00097-MRB (S.D. Ohio) (the "*Villarin* case"), also pending before this Court.

As Magistrate Judge Bowman stated in her Order on Mr. Malabanan's earlier motion to consolidate these two cases, "[t]here are reasons to support consolidation, despite some factual and procedural differences. Defendant in this case is a former employee of CommuniCare, as is the plaintiff in Case No. 1:23-cv-97-MRB. The claims of both Defendant Malaban and of Plaintiff Villarin against CommuniCare are similar, and both are represented by the same Columbus, Ohio counsel." (R&R, ECF No. 18 at PAGEID #490.) Mr. Malabanan and the plaintiff in the *Villarin* lawsuit, Ariane Villarin, are both nurses who came to the U.S. from the Philippines to work through CommuniCare. Both the *Villarin* case and this case are in their infancy, (*id.* at PAGEID # 492), and both cases are assigned to the same District Judge.

Consolidation of these cases would not lead to confusion, but instead would reduce the risk of inconsistent adjudication of the common factual and legal issues. Consolidation would also avoid unnecessary burden on parties, witnesses, and available judicial resources arising from duplicative actions, and would reduce the time and expense of the cases for all sides. For these reasons and as discussed more fully below, the Court should consolidate the *Villarin* case and the instant case.

Background

HealthCare Facility Management LLC (hereinafter, "CommuniCare") initially filed a case against Mr. Malabanan in the Court of Common Pleas, Hamilton County, on March 30, 2023. (Ex. A, ECF No. 2.) In its Complaint, CommuniCare brought claims against Mr. Malabanan for purported breach of contract, unjust enrichment/quantum meruit, and fraud. On April 27, 2023, Mr. Malabanan filed a Notice of Removal to the Southern District Court of Ohio, (Notice of Removal, ECF No. 1) and filed his Answer to the Complaint. (Answer, ECF No. 6.)

In his initial Answer, Mr. Malabanan raised a number of affirmative defenses. Shortly thereafter, he filed an Amended Answer with Counterclaims, bringing twelve counterclaims against CommuniCare. (Amended Answer, ECF No. 11.) In his counterclaims, Mr. Malabanan has alleged violations of the federal Trafficking Victims Protection Act, the Fair Labor Standards Act, and the Racketeer Influenced and Corrupt Organizations Act. He has also alleged a breach of contract claim, and a quantum meruit claim (which was subsequently dismissed by the Court), and brought claims seeking declaratory relief. (*Id.*) On May 3, 2023, the Southern District Court of Ohio issued a Related Case Memorandum Order determining that Mr. Malabanan's case and the *Villarin* matter are related cases. (Related Case Mem., ECF No. 5.)

Mr. Malabanan, by prior counsel, made an earlier motion to consolidate. (Motion to Consolidate, ECF No. 8.) By Order dated February 6, 2024, Magistrate Judge Bowman denied that motion "without prejudice to re-file, if appropriate, following the Court's ruling on the pending R&R in this case and Judge Barrett's rulings on similar motions pending in in the *Villarin* lawsuit, Case No. 1:23-cv-97-MRB." (Order, ECF No. 18.) Judge Bowman's reason for that decision was that "[a]t the end of the day, the decision about whether to consolidate the above captioned case with Case No. 1:23-cv-97-MRB is best made by Judge Barrett following his ruling on the pending motions in Case No. 1:23-cv-97-MRB." *Id.*

The motions referred to in Judge Bowman's Order have now been decided. The Court granted Plaintiff Villarin's motion to file a new motion to amend, and CommuniCare then consented to Plaintiff Villarin's filing of her Second Amended Complaint. (*Villarin* case, Second Am. Compl., ECF No. 53.) This Court has also adopted Judge Bowman's R&R on CommuniCare's motion to dismiss. (Order, ECF No. 20.) As Mr. Malabanan indicated he would in the parties' Joint Discovery Plan, he now renews his motion to consolidate this case with the

*Villarin* case. Counsel for both parties have conferred about Mr. Malabanan's intended consolidation motion, and CommuniCare's counsel indicated that CommuniCare objects to consolidation. (Joint Discovery Plan, ECF No. 24 at PAGEID # 577.)

Argument

I. Rule 42(a) Provides for Consolidation Where Cases Involve Common Questions of Law and Fact.

Rule 42(a) of the Federal Rules of Civil Procedure states that courts may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The purpose of consolidation is to "administer the court's business 'with expedition and economy while providing justice to the parties.'" *Galaria v. Nationwide Mut. Ins. Co.,* Nos. 2:13-cv-118, 2:13-cv-257, 2017 WL 4987663, at *3 (S.D. Ohio Aug. 16, 2017) *(quoting Advey v Celotex, Corp.,* 962 F.2d 1177,1180 (6th Cir. 1992)).

In addition to evaluating common issues of law and fact, a court on a motion to consolidate under Rule 42 "must also consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Stillwagon v. City of Delaware*, No. 2:14-CV-1606, 2016 WL 6094157, at *2 (S.D. Ohio Oct. 19, 2016) (citations omitted).

Cases need not involve identical factual and legal issues for consolidation to be warranted. *See, e.g., Borden v. Antonelli College,* Nos. l:16-cv-519, l:16-cv-520, 2016 WL5791649, at *1 (S.D. Ohio Oct.4, 2016) (quotations omitted). ("It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request.") "Rather, as long as there are some common questions of either law or fact, the Court

has the flexibility under Fed. R. Civ. P. 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources." *Safety Today, Inc. v. Roy,* Nos. 2:12–cv–510, 2:12–cv–929, 2013 WL 1282384, at *1 (S.D. Ohio March 27) (citing *Brewer v- Republic Steel Corp.,* 64 F.R.D. 591, 594 (N.D. Ohio 1974)).

    II.    <u>This Case and the *Villarin* Case Should be Consolidated as they Involve Common Questions of Law and Fact.</u>

As is evident from a review of the counterclaims filed in this case and the Second Amended Complaint in the *Villarin* case, this case and the *Villarin* case involve a common set of facts. Both the plaintiff in *Villarin* (Ms. Villarin) and Mr. Malabanan were recruited from abroad by the recruiting company WorldWide HealthStaff Solutions, in conjunction with CommuniCare. Ms. Villarin and Mr. Malabanan were both sponsored by CommuniCare as foreign-trained registered nurses to come work in the United States. CommuniCare required Ms. Villarin and Mr. Malabanan to sign similar letter contracts of employment with similar consequences for the nurses' failure to complete required terms.

Ms. Villarin and Mr. Malabanan both bring claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, including claims for failing to pay for work performed. Ms. Villarin and Mr. Malabanan also both allege that CommuniCare obtained forced labor through threats of serious harm and threatened abuse of legal process in violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1589 *et seq.*, and that CommuniCare violated the Racketeer Influenced and Corrupt Organizations Act in recruiting, providing, and processing foreign-trained registered nurses to perform work in the United States. At their core, the claims in *Villarin* are the same as Mr. Malabanan's counterclaims against CommuniCare. Witnesses, discovery and exhibits in both cases will overlap in large part, and the cases can efficiently proceed together.

In addition to allowing common facts and common legal issues to be adjudicated together, consolidation here would reduce the burden on the parties and the Court, allowing the Court to decide the legal issues once for both cases, for example. Similarly, conducting discovery in a single consolidated case will allow the parties to consolidate discovery, including depositions. *See, e.g., Safety Today, Inc.,* 2013 WL 1282384, at *2 (granting consolidation motion as to all pretrial proceedings "to avoid duplicative discovery and the filing of overlapping motions"); *Ferron v. MetaReward, Inc.*, Case No. 2:09-cv-430, Case No. 2:09-cv-440, Case No. 2:09-cv-512, Case No. 2:09-cv-513, Case No. 2:09-cv-520, 2009 WL 10679556, at *2 (S.D. Ohio July 16,2009) ("Absent consolidation, this court would be called on to consider and resolve the same questions over and over in the various proceedings. Moreover, Plaintiff and all of the Defendants would be burdened by highly repetitive and expensive discovery .... By consolidating the five cases at bar, the need for duplicative motion practice and multiple depositions of the same witnesses will minimize the burden on this court and on counsel for parties."). This is particularly appropriate where these two cases, like the cases in *Ferron*, are "in nascent procedural stages" so "no meaningful delay would occur and no party would be unduly prejudiced by consolidation." *Id.* at * 3.

The main substantive difference between the instant case and the *Villarin* case is that this case also includes Defendant's affirmative claims for breach of contract against Mr. Malabanan. But this is not a material distinction because the claims still all arise from a common set of facts that will involve substantially identical discovery. The fact that Ms. Villarin and Mr. Malabanan worked in separate locations is similarly not an obstacle to consolidation, where facts regarding the nurses' recruitment, contract, and employment are largely the same. And finally, while Ms. Villarin's Second Amended Complaint has added an additional Defendant, Worldwide Healthstaff Solutions, LLC ("Worldwide"), the facts in the claim against Worldwide also substantially overlap

with the claims here, and the counterclaims contain repeated allegations as to Worldwide. (Amended Answer, ECF No. 11, ¶¶ 52-58, 70, 75, 89, 110, 166-77, 255, 274, 276, 280-82, 286-87, 289, 293-94, 203.)

In sum, consolidation of this case and the *Villarin* case will conserve judicial and private resources, promote efficiency, and avoid duplication of effort and the risk of inconsistent or conflicting rulings. For these reasons, the Court should consolidate these two cases.

<u>Conclusion</u>

For all the reasons set forth below, the Court should grant Mr. Malabanan's motion to consolidate this case with the *Villarin* case.

Dated: New York, NY
       May 1, 2024

Respectfully submitted,

KAKALEC LAW PLLC
*/s Patricia Kakalec*
By: Patricia Kakalec
NY Bar No. 2607695
*Admitted S.D. Ohio pro hac vice*
80 Broad Street, Suite 703
New York, NY 10004
Tel No. (212) 705-8730
Email: Patricia@KakalecLaw.com

THE LAW FIRM OF SHIHAB & ASSOCIATES, CO., LPA
By: GHASSAN "GUS" M. SHIHAB
OH Bar No. 0061098
65 East State Street, Suite 1550
Columbus, OH 43215
Tel. No. 877-479-4872
Email: gus@shihab.law

THE LAW OFFICES OF MAGEN E. KELLAM, P.A.
By: MAGEN E. KELLAM
FL Bar No. 0848611
*Admitted S.D. Ohio pro hac vice*

        808 Wiggins Pass Road, Suite 204  
        Naples, FL 34110  
        Tel. No. 239-260-4622  
        Email: magenk@kellamlegal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2024, I electronically transmitted the foregoing Memorandum of Law to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jonathon James Korinko:  jkorinko@beneschlaw.com, docket2@beneschlaw.com
Jaquan S. Williams:  jawilliams@beneschlaw.com, docket2@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378

*Counsel for Plaintiff/Counterclaim Defendant*

                                                         */s Patricia Kakalec*
                                                         Patricia Kakalec